**Dmitry Lapin, Esq. (NY, NJ, PA, and ME)**
535 N. Church Street #304
West Chester, PA 19380
(917)-979-4570
dmitry@axenfeldlaw.com




**VIA ECF & FAX**

June 25, 2024

The enlargement and modification requests are granted for good cause. The hearing scheduled for June 27, 2024 is enlarged until July 11, 2024 at 9:30 a.m.

SO ORDERED

/s/ Alvin K. Hellerstein
U.S.D.J.
June 26, 2024

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
212-805-7942

Re: **XYZ Corp. ABC Corp. et al.,** (Dkt # 1:24-cv-4429-AKH)
Request for Extension of Time and Extension of TRO

Dear Hon. Hellerstein:

This office represents Plaintiffs in the above referenced action. This action involves the online infringement of numerous works of art across Defendant's fifty virtual identical websites (the "Websites"). On June 18, 2024, the Court granted Plaintiffs' motion seeking expedited discovery and an extension of time to respond to ¶19(1-4) of the Temporary Restraining Order ("TRO") in this matter. [ECF No. 11].

As of today's date, two of the service providers have not confirmed that the Defendant's assets have been restrained, nor have they produced any discovery as required in the TRO. As such, Plaintiffs are without the necessary information to respond to ¶19(1-4) of the TRO. One of the service providers, CloudFlare, Inc, indicated yesterday that

> "Given the nature of our services and our privacy policy, we do not produce customer information in these circumstances without first giving notice of the request to the customer. Please let us know when notification of the account holders is permitted, so that we can notify them and make any production in this case."

CloudFlare also indicated that "it is Cloudflare's policy to notify users of requests for their information prior to disclosure unless we are prohibited from doing so by statute or court order." As part of the TRO, Hon. Torres granted Plaintiff's motion for bifurcated service in order to prevent Defendants from receiving notice of the TRO before the Service Providers effectuated the terms of the TRO. Quizzically, and despite a clear Order from the Court to produce discoverable information, CloudFlare is refusing to comply. At best, their sole argument is that the TRO does not expressly state that they must produce the information prior to notifying the Defendant. <u>To that end, Plaintiffs' respectfully request that the Court modify the TRO, such that the Service Providers must effectuate the terms of the TRO, prior to notifying the Defendant</u>.

Additionally, and given that the delays are caused exclusively by certain service providers, Plaintiffs respectfully request that 1) all deadlines in this case be extended by two weeks; 2) that the Order to Show Cause hearing be adjourned by two weeks; and 3) that the TRO is extended by two weeks as well, for good cause shown, as required under Fed. R. Civ. P. 56(b).




The modified deadlines would be as follows:

- Deadline to respond to ¶19 of the TRO: **July 11, 2024**
- Defendant's papers opposing issuance of a Preliminary Injunction: **July 5, 2024**
- Plaintiff's reply paper supporting issuance of a Preliminary Injunction: **July 8, 2024**
- Order to Show Cause Hearing: **July 11, 2024**

Plaintiffs' respectfully request that 1) the Court grant the above requested extensions and adjournment; and 2) Order the Service Providers to comply with the terms of the TRO, prior to notifying the Defendant(s).

Respectfully submitted,

Dmitry Lapin, Esq.