UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

Jon Q. Wright and JQ Licensing LLC

                                Plaintiffs

                                                        Case No:  24-cv-4429-AKH

        v.

MOHAMED CHTIOUI, and the Individuals,
Corporations, Limited Liability Companies,
Partnerships, and Unincorporated Associations
Identified on Schedule A to the Complaint.

                                Defendants.

----------------------------------------------------------x

## ~~[Proposed]~~ PRELIMINARY INJUNCTION ORDER

THIS MATTER comes before the Court on the application of Jon Q. Wright and JQ Licensing LLC ("Plaintiffs"), brought by way of Order to Show Cause, for entry of a Preliminary Injunction (the "Application") against the Defendants identified within Plaintiff's First Amended Complaint (collectively, the "Defendants"); and

THE COURT having reviewed the papers in support of the Application, and after hearing arguments on  July 17, 2024, finds that Plaintiffs meet the criteria for entry of preliminary injunctive relief, based on the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      Plaintiff Jon Q Wright is the copyright owner, and JQ Licensing LLC is the exclusive licensing agent to visual works of art, as identified in the annexed **Schedule A**, hereto (the "Subject Works").

2.    Defendants own and operate domain names and e-commerce websites selling products direct to consumers (the "Websites"), as identified in **Schedule B** hereto.

3.    The Defendants own and operate their domain names and Websites through various internet service providers, including but not limited to, NameCheap, CloudFlare, WooCommerce, and Wild West Domains (the "Service Providers"), as well as payment processors, money transmitters, and other financial institutions, including but not limited to, Stripe (the "Financial Institutions").

4.    The Service Providers and Financial Institutions enable, facilitate, aiding and/or otherwise provide resources and substantial assistance to Defendants and their Websites, thereby providing Defendants the means by which the Infringing Products are displayed to consumers, offered for sale, sold. Defendants' Infringing conduct depends on the Service Providers and Financial Institutions. Without access to the Service Providers and Financial Institutions resources and services, Defendants would not be able to engage in their infringing activities. Therefore, the Court finds that the Service Providers and Financial Institutions are in "active concert and participation" with Defendants in their infringing conduct.

5.    Through their Websites, and without Plaintiffs' authorization, Defendants have offered for sale products that bear, use, or otherwise infringe upon Plaintiffs' rights to one or more of the Subject Works (the "Infringing Products").

6.    The Court finds it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, the Defendants are reaching out to do business with New York residents by operating their highly interactive Websites, through which New York residents can purchase the Infringing Products.

7.    The evidence submitted in support of the Application demonstrates that Plaintiffs are likely to prevail on its copyright infringement claims as Plaintiffs own valid copyrights and each Infringing Product is an identical copy of a Subject Work, or is otherwise substantially similar to the Subject Work.

8.    The evidence submitted in support of the Application further demonstrates that Plaintiffs are likely to prevail on their claims under the Digital Millenium Copyright Act regarding the removal of copyright management information ("CMI") from certain Subject Works, namely Jon Q. Wright's name, as well as Defendants affixing their own CMI over certain Subject Works, in order to knowingly and intentionally conceal their infringing behavior.

9.    Plaintiffs will suffer irreparable harm if a preliminary injunction is not granted as no adequate legal remedy exists that could address the damage Plaintiffs would incur if a preliminary injunction is not granted.

10.    Plaintiffs have well-founded fears that more Infringing Products will appear on the Websites, other websites owned and/or operated by Defendants that are presently unknown to Plaintiffs, as well through new websites that may be created by Defendants in the future; that consumers may be misled, confused and disappointed by the quality of the Infringing Products, resulting in injury to Plaintiffs' reputation and goodwill and, in particular, the reputation and good will related to products properly bearing, using, and sold utilizing Plaintiffs' copyrights. The continued and unauthorized use of Plaintiffs' copyrights irreparably harms Plaintiffs through loss of exclusivity, loss of future sales, and damage to Plaintiffs' reputation. Money damages fail to address such damage.

11.    The potential harm to Defendants of being prevented from continuing to profit from their activities if a preliminary injunction is issued is far outweighed by the potential harm to

Plaintiffs, its business, and the goodwill and reputation built up in and associated with Plaintiffs' copyrights to the Subject Works, if a preliminary injunction is not issued.

12. Further, the public interest is served by entry of this Preliminary Injunction to prevent Plaintiffs' interest to its copyrights and to protect the public from being deceived and defrauded by Defendants' infringing actions.

13. For these reasons, the issuance of a preliminary injunction is warranted under Federal Rule of Civil Procedure 65.

NOW THEREFORE, on this 16 day of July, 2024, this Court ORDERS that:

1. Defendants, its employees, agents, contractors, managers, affiliates, officers, and anyone else acting on Defendants' behalf, or acting for Defendants, are preliminarily enjoined and restrained from:

   a. Using the Subject Works, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, including the Infringing Products;

   b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiffs Product and/or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale pursuant to Plaintiffs' copyrights to the Subject Works;

   c. Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d. Committing any acts to remove CMI from the Subject Works, providing false CMI in connection with any Infringing Products, and/or distributing products with false CMI;

e. Further infringing Plaintiffs' copyrights to the Subject Works and damaging Plaintiffs' goodwill;

f. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear the Subject Works, any reproductions, counterfeit copies, or colorable imitations thereof;

g. Using, linking to, transferring, selling, exercising control over, creating, or otherwise owning a Website or other online market place account that is being used to sell or is the means by which Defendants could continue to sell Infringing Products or other products bearing the Subject Works; and

h. Operating any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the Subject Works.

2. The third party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

a. providing services to Defendants and/or their Websites, including, without limitation continued operation of the Websites;

b.  disable and cease providing services to Defendants and/or the Websites, including any domain name or Website associated with, operated by, controlled by, or otherwise in the possession of the Defendants;

c.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and

d.  take ~~all~~ the steps necessary to prevent Defendants, and any individual acting in concert with Defendants, from creating new accounts with the Service Providers.

e.  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any assets or funds that may be in their possession, from or to Defendants until further ordered by this Court;

f.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, or any other records or evidence relating to Defendants, the Websites, accounts, and assets.

3.  The asset restraint granted in the TRO shall remain in place through the pendency of this action. Any newly discovered Service Provider or Financial Institution who is served with this Order shall locate and ~~attach~~ restrain Defendants' assets and shall provide written confirmation of such restraint ~~attachment~~ to Plaintiffs' counsel, enabling counsel to seek judicial review.

4.  As sufficient cause has been shown, the expedited discovery granted in the TRO shall remain in place until further Order by this Court. ~~Plaintiff may~~:

a.  ~~serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall~~

~~provide written responses under oath to such interrogatories within fourteen (14)~~ days of service to Plaintiffs' counsel; and

b.  Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

c.  Within fourteen (14) days of receiving notice and service of this Order, all Financial Institutions shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i.  Account numbers

   ii.  Account balances

   iii.  Any and all identifying information for Defendants, including, but not limited to, names, addresses and contact information;

d.  Within fourteen (14) days of receiving notice and service of this Order, the Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody, or control (whether located in the U.S. or abroad) relating to Defendants, their accounts with the Service Provider, the Websites, and any other website owned/operated by Defendants, including but not limited to, documents and records relating to:

   i.  Identifying information for Defendants, including all available contact information as well as account ~~numbers and account balances;~~

ii. Any Website and/or Defendants accounts, owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them;

iii. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Wish, PayPal, eBay, Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Service of this Order upon the Financial Institutions and Service Providers may be effectuated by registered e-mail as these entities are non-parties, and electronic service by registered e-mail is reasonably designed and calculated to advise them of their responsibilities under this Order, particularly given the sophistication of the entities. To the extent that a confirmed e-mail address is not available for any Service Provider or Financial Institution, service of this Order may be effectuated by registered mail or other comparable method of mailing.

6. The $2,500 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

7. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

8.  Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order on seven calendar days' notice to Plaintiffs, or on shorter notice as set by the Court.

SO ORDERED

Signed this /8 day of Jul 2024

Alivn H. Hellerstein U.S.D.J.

## SCHEDULE A

|    | Title | Registration # | Registration Date |
|----|-------|----------------|-------------------|
| 1  | Crappie Trestle | VA 2-302-569 | 5/2/2022 |
| 2  | Northern and Bucktail | Vau 214-078 | 10/15/1991 |
| 3  | Breakline Hunter | VA 2-083-993 | 12/5/2017 |
| 4  | Smallmouth Bass and Topwater Bait | VA 2-084-056 | 12/5/2017 |
| 5  | Ice Walleye | VA 2-160-537 | 12/3/2018 |
| 6  | Nite time walleye | Vau 1-478-112 | 7/28/2022 |
| 7  | Airborne bass | VA 2-315-052 | 7/28/2022 |
| 8  | Harvest Moon Walleye 3 | VA-1-957-011 | 4/7/2015 |
| 9  | JQ Fish Art - Trout Grouping | Vau 1-021-822 | 7/10/2009 |
| 10 | Sunbay Bluegill | Va 2-087-516 | 11/8/2017 |
| 11 | Crappie and Root | VA 2-303-553 | 5/2/2022 |
| 12 | Walleye spinner rig | VA 2-151-863 | 12/3/2018 |
| 13 | Fooled Again Bass | VA 519-738 | 10/8/1991 |
| 14 | Action Series - Rainbow Trout Short Bend | VAu-348-036 | 10/27/1995 |
| 15 | Action Series – Bass Spinner | VAu-348-036 | 10/27/1995 |
| 16 | Salmon Stream | Vau-1-478-113 | 7/28/2022 |
| 17 | Perfect Drift Rainbow Trout | VA-2-367-003 | 10/19/2023 |

## SCHEDULE B

| | |
|---|---|
| 1 | 5ddiamondpainting.shop |
| 2 | Adultpaintbynumber.com |
| 3 | Adultpaintbynumberkits.com |
| 4 | adultpaintbynumberkits.com/ |
| 5 | Adultpaintbynumbers.shop |
| 6 | apaintbynumbers.com |
| 7 | Australiapaintbynumbers.com |
| 8 | bestpaintbynumbers.shop |
| 9 | diamondartpainting.shop |
| 10 | diamondbynumbers.com |
| 11 | diamondpaint.art |
| 12 | diamondpaint.co.uk |
| 13 | diamondpaint.shop |
| 14 | diamondpainting5d.com |
| 15 | diamondpaintingaustralia.shop |
| 16 | diamondpaintingcanada.com |
| 17 | diamondpaintingcanvas.com |
| 18 | diamondpaintingkit.art |
| 19 | diamondpaintingkit.shop |
| 20 | diamondpaintingkit.us |
| 21 | diamondpaintkit.com |
| 22 | diamonpaintingart.pro |
| 23 | diypaintbynumbers.sale |
| 24 | modernpaintbynumbers.com |
| 25 | NumeralPaint.com |
| 26 | NumeralPaints.com |
| 27 | numpaints.com |
| 28 | paintbynumbersaustralia.shop |
| 29 | Paintbynumberscanada.com |
| 30 | paintbynumberscanvas.com |
| 31 | paintbynumberscanvas.uk |
| 32 | paintbynumberscustom.shop |
| 33 | Paintbynumbersforadults.com |
| 34 | paintbynumbersforadults.com |
| 35 | Paintbynumbersforadults.shop |

| | |
|---|---|
| 36 | Paintbynumbersforsale.com |
| 37 | Paintbynumberskits.shop |
| 38 | paintbynumberspaintings.com |
| 39 | paintbynumbersshop.art |
| 40 | paintingbynumbers.shop |
| 41 | paintingbynumberskit.com |
| 42 | Paintingbynumberskit.store |
| 43 | paintingbynumberskits.shop |
| 44 | Paintingbynumberspaint.com |
| 45 | paintingwithnumbers.shop |
| 46 | panelpaintbynumbers.com |
| 47 | PBNCanvas.com |
| 48 | premiumpaintbynumbers.com |
| 49 | thepaintbynumbers.com |
| 50 | ukpaintbynumbers.com |
| 51 | 5ddiamondpaintingkit.com |
| 52 | pbncanvas.shop |
| 53 | usapaintbynumbers.com |
| 54 | paintingbynumberscanada.com |